the contract (*International Harvester Co.* v. *Dillon, 126 Ga. 672, 55 S. E. 1034*), and the undisputed evidence showed that the defendants had not complied with the express stipulation in the contract that no claim for replacing broken gears could be allowed them unless their account with the plaintiff was paid when due. Nor can we agree with the contention of defendants' counsel that the plaintiff could not recover the purchase price of the lubricant sold to the defendants, for the reason that the plaintiff had no license as an insurance company to transact business in this State. We do not think that the contract of indemnity or of insurance entered into in this case is a contract of insurance, or that the plaintiff thereby became an insurance company, within the meaning of the statute (Park's Civil Code, § 2415 *a*).

Under the pleadings and the evidence submitted, the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

---

### 15023. GREEN v. THE STATE.

BROYLES, C. J. The verdict was amply authorized by the evidence, and none of the grounds of the motion for a new trial requires a reversal of the judgment below.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 5, 1923.

Indictment for possession of liquor; from Fulton superior court —Judge Humphries. August 8, 1923.

*C. G. Battle,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *E. A. Stephens, R. H. Pharr,* contra.

---

### 15024. GREEN v. THE STATE.

BROYLES, C. J. The verdict was amply authorized by the evidence, and none of the grounds of the amendment to the motion for a new trial requires a reversal of the judgment below.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 5, 1923.

Description of the case and names of counsel the same as in the next preceding case.